**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**NORTHERN TOOL AND EQUIPMENT COMPANY, INC.; NORTHERN TOOL AND EQUIPMENT CATALOG COMPANY, INC.; OVERTON'S INC.; and H&D ACQUISITION COMPANY;**

Plaintiffs,

v.

**BARRY DIERKES,**

Defendant.

Civil No. 00-338 (MJD/JGL)

**ORDER**

APPEARANCES

Cyrus A. Morton, Esq., for Plaintiffs.

Annette P. Heller, Esq. (via telephone), and Valdis A. Silins, Esq., for Defendant.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on August 24, 2000, on Plaintiffs' motion to compel discovery and to set a briefing schedule on Defendant's motion to dismiss (Doc. No. 8). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED AUG 30 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. FACTS

This litigation arises out of a copyright dispute between the parties. Defendant claims to be the photographer of photographs taken between 1983 and 1996 while under the employ of Dunn's Catalog. In 1997, Dunn's Catalog's owner, Dunn's Supply Store, Inc., filed for bankruptcy, and Plaintiff Northern Tool bought substantially all of Dunn's Supply Store's assets including all photographs associated with Dunn's Catalog.

Defendant claims there was an oral license between himself and Dunn's Catalog, and Plaintiffs brought this action to declare that Defendant has no copyright claim to the photographs. Defendant, a Missouri resident, has brought a motion to dismiss or in the alternative to transfer venue. In the pending motion, Plaintiffs seek to compel Defendant to respond to their jurisdictional discovery requests.

## II. DISCUSSION

### A. Scope of Discovery

The Federal Rules of Civil Procedure contemplate liberal discovery. The information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial. In the context of discovery, "relevant" has been

defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman, 329 U.S. at 501. That is, the information must be relevant to the subject matter of the litigation. Additionally, discovery should not be limited to matters in the pleadings because discovery is designed to help establish and clarify the issues in a case. See id. at 500-01. And, discovery should not be limited to the merits of a case because other fact-oriented issues, possibly unrelated to the merits, may arise and properly be the subject of discovery. See Oppenheimer Fund, 437 U.S. at 351.

With the general rules of discovery in mind, the Court must examine the contested discovery issues in the context of the relevant law to determine whether the requested information must be disclosed. Here, the laws of personal jurisdiction are applicable.

Plaintiffs seek information relating to whether Minnesota may have personal jurisdiction over the Defendant. In determining whether a court may exercise personal jurisdiction, a court will look first to the resident state's long-arm statute. See Radaszewski v. Contrux, Inc., 891 F.2d 672, 673 (8th Cir. 1989); Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 (8th Cir. 1982). If the activities of the non-resident defendant satisfy the statute's requirements, the court will then address whether the exercise of personal jurisdiction comports with due process. See International Shoe Co. v. Washington, 326 U.S. 310,

316 (1945). Minnesota's long-arm statute confers jurisdiction to the fullest extent allowed by the Due Process Clause of the United States Constitution. See Valspar Corp. v. Lukken Color Corp., 495 N.W.2d 408, 411 (Minn. 1992); Minn. Stat. § 543.19.

The Supreme Court requires, in accordance with due process, that in order to subject a defendant to personal jurisdiction, "if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co., 326 U.S. at 316 (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). A court, when asserting jurisdiction over an out-of-state resident who has not consented to suit there, must be satisfied that the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Furthermore, the Eighth Circuit applies a five-factor test in analyzing the constitutional requirements needed for personal jurisdiction: (1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. See Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., 89

F.3d 419, 422-23 (8th Cir. 1996). Accordingly, in the present case, the parties are entitled to discovery to support or weaken these elements.

District of Minnesota LR 26.1(d) provides in relevant part that formal discovery under the Federal Rules of Civil Procedure may not be commenced before a meeting between the parties under Fed. R. Civ. P. 26(f) except for "discovery needed to resolve a preliminary motion such as an objection to personal or subject matter jurisdiction or venue." Consequently, at this stage in the proceedings, Plaintiffs are entitled to discovery to prove and develop their bases for jurisdiction and venue. See Fed. R. Civ. P. 26.

**B. Plaintiffs' Document Requests**

Plaintiffs served twelve document requests on the Defendant by mail on June 12, 2000. Defendant served his answers to the twelve document requests on Plaintiffs' counsel by hand-delivery on July 14, 2000. Plaintiff complains that Document Requests 1, 2, 3, 4, 9, and 11 were answered inadequately and asks this Court to compel more complete answers from Defendant.

**1. Document Request Number 1**

Plaintiffs' request for "[a]ll documents identified, consulted or supporting Defendant's Answers to Plaintiff Northern Tool's Interrogatories to Defendant (Set I)" was answered, "None." Plaintiffs argue that Defendant, a small business owner, must have certain documents such as contracts and other business documents that

support his answers to the Interrogatories. Defendant states that because he has never conducted any business in Minnesota, there are therefore no documents to be furnished.

The Court finds it unlikely that Defendant has no documents supporting his answers to the Interrogatories.[1] However, if Defendant represents in good faith that no documents exist relating to the material sought in the Interrogatories, Plaintiff must be content with this answer. However, Defendant will not be able to rely on any such documents to support his own contentions later without substantial justification. See Fed. R. Civ. P. 37(c)(1). Therefore, if any such documents exist, Defendant must produce them, and Plaintiffs' motion is granted to the extent any such documents exist.

**2. Document Request Number 2**

Plaintiffs request "[a]ll documents in Dierkes' possession that refer or relate to any contacts Dierkes may have or have had with the State of Minnesota or any person or entity in Minnesota." Defendant answered this request, "Objection – The request is overly broad and not limited to a time frame. However, limiting an answer to the past 12 months, None." Plaintiffs argue that Defendant inappropriately limited

[1] The Plaintiffs' Interrogatories seek the identity of each instance in which a person or entity performed services for Defendant in Minnesota; each instance Defendant was present in Minnesota; each instance Defendant solicited business from any person or entity in Minnesota; all contracts for photographs Defendant has entered into in the past six years; all licenses Defendant has granted for the use of any photographs he has taken; any property Defendant owns or has ever owned in Minnesota; the material terms of the contract and/or license agreement Defendant had with Dunn's Catalog; and the terms of the license Defendant tried to negotiate with the Plaintiffs.

the response to the past twelve months when they should have gone back to the start of Defendant's employment with Dunn's in the 1980's. Plaintiffs assert that any contacts Defendant had with Minnesota from 1983 to present are relevant for purposes of establishing and proving proper jurisdictional basis. Defendant asserts that this request is open-ended and that Defendant has had no business contacts with anyone in Minnesota.

The purpose of discovery, including jurisdictional discovery, is to enable the parties to establish and clarify the issues. See Hickman, 329 U.S. at 500-01. The parties are entitled to discover relevant information that may either support or weaken their contentions. In this case, any business contacts that Defendant has had with anyone in Minnesota is relevant, and Plaintiff is entitled to discovery of any documents that refer or relate to any business contacts Defendant has had with any person or entity in Minnesota. Plaintiffs clarified at the hearing that they sought discovery of these documents back to 1994. Therefore, Plaintiffs' motion is granted, and Defendant shall produce any documents referring or relating to any business contacts Defendant has had with any person or entity in Minnesota since January 1, 1994 to present.

**3. Document Request Number 3**

Plaintiffs request "phone records that show any call to or from Dierkes to or from any person in Minnesota." Defendant answered

this request, "Objection – The request is beyond the scope of discovery on the Motion to Dismiss/Transfer, irrelevant, not limited to a time frame and unduly burdensome." Plaintiffs argue that Defendant made phone calls to Minnesota in an attempt to negotiate a license with Plaintiff Northern Tool. Plaintiffs assert further that even one transaction between the parties is significant. Defendant asserts that this request is open-ended and that Defendant has had no business contacts with anyone in Minnesota.

Plaintiffs should not have to rely on Defendant's answer alone that he has had no business contacts with anyone in Minnesota. To do so would make the discovery process nonexistent, and the discovery rules moot. Plaintiffs are entitled to investigate Defendant's contention that he has had no contacts with Minnesota by examining Defendant's phone records. Therefore, this aspect of Plaintiffs' motion is granted, and Defendant shall produce his phone records from January 1, 1994 to present.[2]

**4. Document Request Numbers 4 and 9**

Plaintiffs request "[a]ll documents referring or relating to Dierkes' relationship with or obligation to Dunn's catalog," and "[a]ll documents supporting your contention that Dierkes granted Dunn's a license to use his photographs in future catalogues only as long as you were employed by Dunn's." Defendant objected to these requests,

[2] The Court notes, however, that only Defendant's business contacts are relevant to this action.

stating: "The request is beyond the scope of discovery on the Motion to Dismiss/Transfer." Plaintiffs argue that this request is relevant and within the scope of jurisdictional discovery because whether Defendant granted to Dunn's Catalog the right to distribute photos anywhere, including in Minnesota, is directly relevant to jurisdiction. Defendant asserts that the issue of any license goes to the merits of the case and is beyond the jurisdictional discovery scope.

When a court analyzes jurisdiction, it looks to a number of factors, as discussed above. Entering into a licensing agreement may be a factor supporting whether or not a defendant has purposefully directed its activities towards residents of the forum state. See Akro Corp. v. Luker, 45 F.3d 1541, 1546-47 (Fed. Cir. 1995); see also Dakotah, Inc. v. Tomelleri, 21 F. Supp. 1066, 1071 (S.D.N.D. 1998). Therefore, this Court finds that any documents relating to Defendant's relationship with or obligation to Dunn's Catalog are relevant for purposes of discovery, since the information sought is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Thus, Plaintiffs' motion is granted in this respect, and Defendant must produce all documents referring or relating to Defendant's relationship with or obligation to Dunn's Catalog.

**5. Document Request Number 11**

Plaintiffs request "[a]ll records showing that any work by Dierkes has been created, published or distributed in Minnesota."

Defendant answered this request: "The request is beyond the scope of discovery on the Motion to Transfer/Dismiss." Plaintiffs argue that this request clearly and directly relates to jurisdiction over a person whose business is photography. The Court agrees. The standard for discovery is a liberal one, and Defendant is required to produce all records that may show Defendant conducts business in Minnesota, including whether any of his work has been created, published, or distributed in Minnesota. Thus, this portion of Plaintiffs' motion is granted, and Defendant must produce the requested documents.

C. **Plaintiffs' Requests for Admission**

Plaintiffs served thirteen requests for admission on the Defendant by mail on June 12, 2000. Defendant served his answers to the thirteen requests on Plaintiffs' counsel by hand-delivery on July 14, 2000. Plaintiff complains that Requests for Admission 4, 10, 11, and 13 were answered inadequately and asks this Court to compel more complete admissions or denials from Defendant.

Rule 26(a)(5) of the Federal Rules of Civil Procedure provides that parties may use requests for admission as a method to discover additional matter. Requests for admission must "relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Fed. R. Civ. P. 36(a). Rule 36(a) further provides:

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering

> party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request.

Fed. R. Civ. P. 36(a). Furthermore, "[u]nless the court determines that an objection is justified, it shall order that an answer be served." Id.

**1. Request for Admission Number 4**

Plaintiffs request that Defendant "[a]dmit that Dierkes has solicited business in the State of Minnesota during the past six years." Defendant answered, "To the best of his knowledge, denies." This is not a proper answer to a Request for Admission. "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Fed. R. Civ. P. 36(a). Defendant has made no such statement. Furthermore, this answer is evasive, and an evasive answer is a defective answer. See, e.g., Southern Ry. Co. v. Crosby, 201 F.2d 878, 880 (4th Cir. 1953); Sieb's

Hatcheries, Inc. v. Lindley, 13 F.R.D. 113, 119 (W.D.Ark. 1952); United States v. Laney, 96 F. Supp. 482, 483 (E.D.S.C. 1951).

Defendant attempts to hide behind the broadness of the request for admission. However, Fed. R. Civ. P. 36(a) does not allow for such evasive qualified answers. An answer to a request for admission must be specific and substantively admit or deny the request. When good faith requires that a party qualify an answer or deny only a part of the matter about which an admission is requested, the party shall specify so much of it as true and qualify or deny the remainder with specificity. See Fed. R. Civ. P. 36(a). Therefore, this aspect of Plaintiffs' motion is granted, and Defendant must supply an amended answer that conforms to the Rule 36.[3]

**2. Requests for Admission Numbers 10 and 13**

Plaintiffs request that Defendant, "[a]dmit that Dierkes never put any limitation on where his pictures could be distributed via Dunn's Catalog," and "[a]dmit that prior to the termination of your relationship with Dunn's, but before your allegations of infringement by Plaintiffs, you did not inform Dunn's of your belief that it was required to pay you royalties for ongoing use of the photographs you were hired to take." Defendant objected: "The admission is beyond the scope of discovery on the Motion to Dismiss/Transfer."

[3] The Court notes that Rule 36(a) gives the Court the option to either allow an amended answer to be served or to simply order that the matter is admitted. In the interest of justice and to avoid any unfair surprise, the Court opts to allow the amended answer.

It is the Court's duty to determine whether an objection is justified, and if it is not, order that an answer be served. See Fed. R. Civ. P. 36(a). Here, Defendant argues that these admissions are beyond the scope of jurisdictional discovery and go to the merits of the case. Both of these requests are aimed at distribution and licensing information, both of which are valid topics for jurisdictional discovery, since they are reasonably calculated to discover Defendant's business activity within Minnesota. See Valspar, 495 N.W.2d at 410-11. This Court finds that Defendant's objections are not justified. Thus, Plaintiffs' motion is granted, and Defendant shall serve answers to these Requests.

**3. Request for Admission Number 11**

Plaintiffs request that Defendant, "[a]dmit that the relevant photographs have been distributed via catalogue or other means in Minnesota with your consent." Defendant answered this Request: "Denies." However, in Defendant's brief, he states the following:

> #11 As the admission is stated, the answer is correct. The admission would include distribution by Plaintiff which is without Plaintiff's consent. The way Plaintiff has stated the admission in his brief, the implication is that the answer is incorrect because Plaintiff has Defendant's consent. Again, is this an admission by Plaintiff that a license existed.

(Def. Mem. Opp. Pl.'s Mot. Compel at 4.) The Court notes that Rule 36(a) requires a complete and specific answer to all requests for admission. If Defendant must qualify his answer to this request, he must set forth which portions of the admission are truthful and which portions he

denies. Defendant may not be evasive. Thus, Plaintiffs' motion is granted, and Defendant shall supply an amended answer to this Request for Admission.

**D. Plaintiffs' Interrogatories**

Plaintiffs served nine interrogatories on the Defendant by mail on June 12, 2000. Defendant served his answers to the nine interrogatories on Plaintiffs' counsel by hand-delivery on July 14, 2000. Plaintiff complains that Interrogatories 4, 6, 7, and 9 were answered inadequately and asks this Court to compel more complete admissions or denials from Defendant.

Rule 33 of the Federal Rules of Civil Procedure governs the use of interrogatories in discovery practice. It provides that the party served "shall furnish such information as is available to the party." Fed. R. Civ. P. 33(a). The Rule further provides: "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(1). Furthermore, "[a]ll grounds for an objection to an interrogatory shall be stated with specificity." Fed. R. Civ. P. 33(b)(4). The responding party has a duty to provide full answers to the extent the interrogatory is not objectionable. The Comment to the Rule provides an apt example:

> If, for example, an interrogatory seeking information about numerous facilities or

> products is deemed objectionable, but an interrogatory seeking information about a lesser number of facilities or products would not have been objectionable, the interrogatory should be answered with respect to the latter even though an objection is raised as to the balance of the facilities or products.

Fed. R. Civ. P. 33 Advisory Committee's Note (1993).

**1. Interrogatory Number 4**

Plaintiffs request that Defendant "[s]tate what you believe to be the material terms of the contract and/or license agreement you had with Dunn's to take photographs for Dunn's catalog." Defendant answered: "Objection – The interrogatory is beyond the scope of discovery on the Motion to Dismiss/Transfer." The Federal Rules of Civil Procedure contemplate liberal discovery. See Fed. R. Civ. P. 26(b)(1). In this case, the terms of the license or contract could lead to admissible information regarding jurisdiction. For example, the exclusivity of a licensing agreement is one factor used to determine whether a party purposefully directed its activities towards residents of the forum state. See Akro Corp. v. Luker, 45 F.3d at 1546-47. This Court finds that the interrogatory is reasonably calculated to lead to the discovery of admissible evidence, and therefore, Plaintiffs' motion is granted. Defendant shall answer Interrogatory Number 4.

**2. Interrogatories Number 6 and 7**

Plaintiffs request identification of "all contracts for photographs that you have entered into in the past six years," and of "all licenses you

have granted for the use of any photographs you have taken." Defendant answered both interrogatories: "Objection – The interrogatory is beyond the scope of discovery on the Motion to Transfer." Plaintiffs do not have to rely on Defendant's word alone that he has had no contractual dealings in Minnesota. The locations of his contractual dealings are relevant and discoverable. Furthermore, under the liberal standard of discovery, this Court finds that Interrogatory Number 7 could lead to admissible evidence. Thus, Plaintiffs' motion is granted, and Defendant shall answer Interrogatories 6 and 7.

**3. <u>Interrogatory Number 9</u>**

Plaintiffs request that Defendant "[i]dentify every instance in which any work of Dierkes has been created, published or distributed in Minnesota." Defendant answered: "Objection – The interrogatory is beyond the scope of discovery on the Motion to Transfer not relevant to the issue of 'doing business' in the state. Note: Plaintiffs have published and distributed works created by Dierkes in Minnesota without Dierkes [sic] consent or permission." Defendant is a photographer. Where his photographs have been created, published, or distributed is undeniably relevant to where he transacts business. The request is reasonably

calculated to lead to admissible evidence, and Plaintiffs' motion is therefore granted. Defendant shall answer Interrogatory 9.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiffs' Motion to Compel Discovery (Doc. No. 8) is **GRANTED** as set forth more fully in the body of this Order; and

(2) Plaintiffs' Motion to Set a Briefing Schedule on Defendant's Motion to Dismiss (Doc. No. 8) is **GRANTED**. Defendant shall respond to Plaintiffs' jurisdictional discovery no later than September 6, 2000, and Plaintiffs shall respond to Defendant's Motion to Dismiss no later than September 13, 2000.

Dated: August 30, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge